## Hazel Farmer GRAY *v.* The Urban Renewal Agency of the City of North Little Rock, Arkansas

78-341                                                585 S.W. 2d 31

Opinion delivered July 9, 1979
(In Banc)
[Rehearing denied September 17, 1979.]

*Howell, Price & Howell,* P.A., for appellant.

*Wallace, Hilburn, Clayton, May & Calhoon,* Ltd., for appellee.

CONLEY BYRD, Justice. This litigation started out as an eminent domain action on November 12, 1975. By agreement of the parties the matter was transferred to chancery because of appellant Hazel Farmer Gray's contention that the acquisition of her house is not for a public use since the proposed plan of the Urban Renewal Agency is to demolish the house and to resell the property to a private developer for construction of a ten story high-rise building. Appellant also contends that no public purpose is served by the acquisition of the house because the house is not a slum nor a blight nor dangerous in any way to the health, safety and morals of the community.

The proof on the part of the Urban Renewal Agency showed that by resolution of the Urban Renewal Commission and the City of North Little Rock the area surrounding appellant's property, including appellant's property was placed in the area in a 100 to 102 acre tract known as the Westgate Urban Renewal Project. This project was approved in 1968 by the Department of Housing and Urban Development. Donald Manes testified that he made a survey of the area at the time and that the area had 50% or more dilapidated structures not capable of being repaired plus at least two environmental problems such as poor streets, poor drainage and incompatibility of land use between commercial and residential. Based upon a penalty point system with reference to the North Little Rock Housing Code it was the opinion of his firm that appellant's property had more than 50% of its value gone. Those determinations were made on the structural condition of the house.

During the trial the parties stipulated that the expert witnesses for both parties would testify that the value of the property would be $31,500.

Wilson Stiles testified that on January 4, 1978 the subject property was placed on the National Register of Historic Places. He also stated the opinion that there had been no sub-

stantial deterioration in the property and that it is structurally sound. On cross-examination Stiles admitted that he had not viewed the foundation of the house and that he had not done a structural survey of the existing walls.

In making her contention that the trial court erred in holding that the appellee had the right to acquire appellant's property, appellant relies upon *City of Little Rock* v. *Raines,* 241 Ark. 1071, 411 S.W. 2d 486 (1967). We fail to see the analogy. In the *Raines* case, *supra,* the City of Little Rock sought to takes Raines' farm so that the City could hold it for sale for industrial purposes. Here however, the Urban Renewal Agency's purpose in taking the property is directed toward clearance, reconstruction and rehabilitation of a blighted area. In *Rowe* v. *Housing Authority of The City of Little Rock,* 220 Ark. 698, 249 S.W. 2d 551 (1952), we held that this was a permissible use of the right of eminent domain. Consequently, we find appellant's first contention to be without merit. Neither can appellant complain that her property will be sold by appellee for the construction of a high-rise building. See *Rowe* v. *Housing Authority of the City of Little Rock,* *supra.*

Neither do we find any merit in appellant's contention that the National Historic Preservation Act, and the Environmental Policy Act, Executive Order 11593, constitute a defense to this eminent domain action, *U.S. Ex Rel T.V.A.* v. *Three Tracts of Land,* 415 F. Supp. 586 (D.C.E.D. Tenn. 1976). Furthermore, the Federal authorities hold that such acts and orders will not be given retroactive effect, *San Francisco Tomorrow* v. *Romney,* 472 F. 2d 1021 (9th Cir. 1973).

Since we agree with appellee that it was not obligated to take administrative action prior to the hearing in this eminent domain action merely because the property was placed upon the national Register of Historic Places after the eminent domain action had been instituted, it follows that appellant's contention that the Federal Courts have exclusive jurisdiction of the subject matter is also without merit.

Affirmed.

GEORGE ROSE SMITH, J., not participating.

HICKMAN and PURTLE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent because I do not believe that the appellee made a case that it is necessary to destroy this old house, as required when the power of eminent domain is exercised.

No doubt, Urban Renewal as an idea, and in many cases its execution, is for the good of the public. However, this is not one of those cases. This is simply a case where somebody's property is being taken so that another building can be built. The sad fact is there is absolutely nothing the matter with the house. It was built at a time when good craftsmanship in buildings was more often the case than not. I dare say this house, if it were permitted to remain, would be in existence for over a hundred years — without undue maintenance. The building proposed will no doubt be torn down as obsolete during that period of time — probably in 25 years. The senselessness of the matter is enough to reverse the judgment of the chancellor but, more importantly, we have taken for granted the power of eminent domain and simply rubber stamped the exercise of the power of eminent domain by government agencies.

The area is not a slum. The evidence, in my judgment, indicated that the house was not dilapidated and the right to exercise the power of eminent domain in this case should have been routinely denied.

I am authorized to state that PURTLE, J., joins in this dissent.